UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20308-BECERRA/TORRES

COURT EXHIBIT
CASE NO. 24-20308-CR-BECERRA
EXHIBIT NO. 13

UNITED STATES OF AMERICA

v.

AUSTIN MICHAEL TAYLOR,

Defendant.
_____/

## FACTUAL PROFFER

The United States and Defendant Austin Michael Taylor ("Defendant") agree that at trial, the United States would have proven beyond a reasonable doubt the following facts, which pertain to a violation of Title 18, United States Code, Section 1343, and which occurred in the Southern District of Florida and elsewhere.

Defendant is a cybersecurity professional who lives in Maryland. During the early stages of the pandemic, Defendant developed a large Internet following by broadcasting livestreams of himself giving away money and other prizes. Starting in May 2021, Defendant leveraged this following to begin soliciting investments in his new cryptocurrency, which he initially called "CluShare" but soon renamed "CluCoin." Defendant's stated intention, including through his X account, @DNPthree, was to raise capital by holding an "initial coin offering" or "ICO" for CluCoin. During this ICO, anyone could become a CluCoin coinholder by sending more established cryptocurrency to a cryptocurrency address associated with Defendant and the CluCoin project.

As part of this pitch, Defendant published, on a website he set up for CluCoin before the ICO, a "white paper" which served as CluCoin's investment prospectus. This white paper

described CluCoin as a project which would "provide an ongoing income for charitable projects deemed appropriate for support by our community" of CluCoin coinholders. To drive confidence that CluCoin was not a scam, Defendant also assured potential investors that although a portion of the funds that investors used to purchase CluCoin would automatically flow to a developer cryptocurrency address that Defendant controlled, he would use those funds consistent with the white paper and that, in any event, the contents of the wallet would be inaccessible to him for one year. Defendant also in fact configured the CluCoin developer cryptocurrency address to prohibit his access for a period of one year after the ICO.

Defendant held a successful ICO for CluCoin on May 19, 2021, during which investors sent millions of dollars worth of more established cryptocurrency to a cryptocurrency address affiliated with the CluCoin project in exchange for newly-issued CluCoin digital tokens. As a result, during the ICO, the price of CluCoin rose over the initial ICO list price. In early June 2021, Defendant incorporated a Florida limited liability company which he owned and managed, CLU LLC ("CLU"), to handle CluCoin's affairs. CLU was headquartered in Aventura, in the Southern District of Florida.

As time passed following the ICO, CluCoin's trading volume and value declined precipitously. As a result, Defendant began representing to CluCoin coinholders on various Internet-based communications channels that CLU would pivot away from its original charity focus and would instead focus on multiple potentially profitable online business ventures: the creation of nonfungible tokens (digital assets recorded on distributed public ledger called a blockchain) tied to digital collectors' items called "Goobers," a related project to bring manifestations of Goobers to the virtual world known as the metaverse, and a computer game called "Xenia" built on a preexisting computer game called "Rust."

Towards the end of 2021 and early 2022, Defendant organized a conference at a hotel in Miami, Florida, called "NFTCon: Into the Metaverse." The conference was promised to the original investors as a way to build unity and understanding of the projects. The conference took place on April 4 and 5, 2022, as scheduled. On April 12, 2022, Defendant paid the hotel $90,860.39 to cover the conference's expenses via an interstate wire from Defendant's bank in Maryland to the hotel's bank in the Southern District of Florida. The Defendant not only paid the hotel $90,860.39, but he also paid speakers and allowed investors free tickets.

While Defendant was managing CLU and making representations to potential and existing investors about its activities, he was secretly succumbing to a gambling addiction. As part of this addiction, Defendant routinely lost large sums of personal funds he deposited with numerous online casinos. Government cryptocurrency tracing showed that almost immediately, and continuing through December 2022, Defendant routinely transferred funds that he had told investors he would use for CLU ventures out of this address to his personal cryptocurrency exchange account, and then from that account to multiple online casinos, where Defendant lost the funds gambling. In total, Defendant transferred $1.14 million of CluCoin investor funds to the online casinos.

Despite knowing that CluCoin's investors understood that investor funds flowing to the CluCoin developer cryptocurrency address would be used for CLU-related projects, Defendant deliberately omitted his true use of these funds from his ongoing communications with investors for approximately seven months. Then, on January 3, 2023, Defendant publicly admitted his use of investor funds on his gambling addiction in a post to his @DNPthree X account. In this post, Defendant explained that he had gotten "incredibly addicted to gambling" and had "irresponsibly used investor funds to try and 'get my money back' from the casino which was wrong for so many

reasons." After his confession and the ensuing uproar from CLU investors, Defendant voluntarily ceded control over all CLU-related social media accounts and cryptocurrency addresses to business associates who had worked on the various projects that CLU undertook.

The parties agree that the facts above, which are not all the facts in this case, prove Defendant's guilt as to sole count of the Information beyond a reasonable doubt. The parties also agree that the total amount Defendant shall pay in restitution pursuant to Title 18, United States Code, Section 3663A, is $1.14 million. The total amount subject to a forfeiture money judgment is also $1.14 million, which represents the value of the fraud proceeds obtained by Defendant.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 8\15\24   By: _____
MANOLO REBOSO
ASSISTANT UNITED STATES ATTORNEY

Date: 8/15/24   By: _____
BENJAMIN RYAN STECHSCHULTE, ESQ.
ATTORNEY FOR THE DEFENDANT

Date: 8/15/24   By: _____
AUSTIN MICHAEL TAYLOR
DEFENDANT