# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

UNITED STATES OF AMERICA

vs.

Case No. 1:24-CR-20308

AUSTIN TAYLOR

_____/

## SENTENCING MEMORANDUM

### I.  Preliminary Statement

Austin Taylor ("Mr. Taylor") is a married 41-year-old father of a 3-year-old with no prior criminal history and a unique, distinguished, and lengthy military career. Prior to his guilty plea and through Sentencing, Mr. Taylor has remained gainfully employed and has continued to receive extensive mental health treatment.

Mr. Taylor understands that his background and military career do not excuse his actions. Mr. Taylor accepts responsibility for his actions and is asking the Court to consider the totality of the circumstances when determining a just sentence for his crime.

Pursuant to the U.S. Sentencing Guidelines §5H1.11 and in accord with the decision in United States v. Booker, and 18 U.S.C. § 3553(a), the Defense respectfully requests that the Court consider these and other factors as it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a), 543 U.S. 220,

220 (2005). Specifically, Mr. Taylor asks that the Court sentence him to a term of probation.

## II.  Legal Framework for Sentencing Analysis

It is now well-established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider factors that may warrant a departure pursuant to the U.S. Sentencing Guidelines along with factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In United States v. Talley, the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 431 F.3d 784, 786 (11th Cir. 2005).

## III.  Analysis of factors that may warrant a departure: Military service present to an unusual degree

Pursuant to the U.S. Sentencing Guidelines §5H1.11, the evidence shows that Mr. Taylors's military service was present to an unusual degree and distinguishes his case from the typical cases covered by the guidelines.   Probation also noted that pursuant to the U.S.

Sentencing Guidelines §5H1.11, his military service may be relevant in determining whether a downward departure is warranted.  PSR at p. 11, 13, 14, 18, 20.

For nearly fifteen years, Mr. Taylor has served his country in both active and reserve duty capacity.  He has received numerous commendations and medals for his military service.  PSR at 14.   Furthermore, as referenced in Counsel's filed Character Letter from Army Reserve Guard Nicholas, Mr. Taylor taught him and fellow airmen modern computer programing skills to aid in our Country's efforts to defend us from Cyber Attacks from our adversaries.   Doc # 29, p. 20. In summary, he has dedicated much of his adult life to military service and protecting our country from domestic and international threats.

Mr. Taylor understands that he had a lapse in judgment and has accepted responsibility for his actions.  Mr. Taylor asks that the Court consider his 15 years of service to the United States and issue a departure based on his significant military service pursuant to U.S. Sentencing Guidelines §5H1.11.

**IV.  Analysis of 18 U.S.C. § 3553(a) Factors**

    A.   <u>Nature and Circumstances of the Offense and the History and Characteristics of Mr. Taylor:</u>

As a child, Mr. Taylor witnessed multiple domestic violence incidents that led his father to divorce his Mother; his Mother attempted to shoot his Father at one point.  PSR at 11, par. 46. Despite his turbulent upbringing, Mr. Taylor honorably served his country in numerous Military Combat Theatres like Iraq and Afghanistan.  PSR at 11; Doc. # 29, p. 21-23.

Following his Active-Duty Military Career, Mr. Taylor was a successful computer programmer. PSR at 14 and 15.   However, Mr. Taylor developed a severe gambling addiction along with generalized anxiety disorder, major depressive disorder, and alcohol use disorder.  PSR

at 12.  As the Court is aware, Mr. Taylor wrongfully gambled his Investors' money and that led to his ultimate arrest and plea on this case.  PSR at 7.

With that in mind, Mr. Taylor accepts responsibility for his actions. Prior to his plea, Mr. Taylor successfully completed an In-patient mental health treatment program. PSR at 12.  He continues to receive mental health treatment along with attending gamblers anonymous meetings. Id.  Mr. Taylor has also maintained gainful employment and is prepared to pay an initial down payment of $25,000.00 towards Restitution.  Based on his current Financial Condition and Income, if Mr. Taylor received a probation sentence, he would be able to make additional large payments towards restitution.[1]  PSR at 15-18.  Lastly, as evidenced by the numerous character letters from family and colleagues submitted to the Court, Mr. Taylor has significant support from those that love and care for him.  Accordingly, we ask the Court to issue a downward variance based on the nature and circumstances of the offense and his personal history and characteristics.

C.    The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant

Since his guilty plea, Mr. Taylor has complied with all Court-ordered conditions of release. And as noted by Probation, Mr. Taylor is a first-time offender with a low percentage chance of recidivism.  PSR at 20.  He is a 41-year-old military veteran and college graduate.  Based on his age and lack of criminal history, Mr. Taylor is not a danger to the public at large.

---

[1] It should be noted, that if the Court sentences Mr. Taylor to a term of incarceration followed by 3 years of supervised release, the Court would only have jurisdiction over him for three years. Whereas if the Court departs/varies down to a term of probation, then Mr. Taylor would have a longer time available to pay back restitution, five years versus three years.

## V. __Conclusion__

Mr. Taylor accepts responsibility and understands that he should be justly punished. Since pleading guilty, Mr. Taylor has turned his transgressions into a positive starting point for the rest of his life.  Mr. Taylor asks the Court to sentence him to probation.

Defense Counsel respectfully requests this Court take all the facts reviewed in this sentencing memorandum and PSR into consideration when it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a).

/s/ *BEN STECHSCHULTE*
Ben Stechschulte
Board Certified Specialist in Criminal Trial Law
Florida Bar No. 13984
Stechschulte Nell, PL
1105 W. Swann Ave.
Tampa, FL 33606
Telephone (813) 280 1244
Email: ben@tpatrialattorneys.com

### __Certificate of Service__

I HEREBY CERTIFY that on the 11th day of February 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the Office of the United States Attorney.

/s/ *BEN STECHSCHULTE*
Ben Stechschulte
Board Certified Specialist in Criminal Trial Law
Florida Bar No. 13984
Stechschulte Nell, PL
1105 W. Swann Ave.
Tampa, FL 33606
Telephone (813) 280 1244
Email: ben@tpatrialattorneys.com